IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAUL AND BEATRICE HESSONG, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-18-0500 |
| CAPE SECURITIES, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Attached In May of 2015, Plaintiffs Paul and Beatrice Hessong (the "Hessongs" or "Plaintiffs") initiated arbitration proceedings against Defendants Cape Securities, Inc., Steve Costa Tzotzis, Jeff Bodner, James Webb and Michael Lovett (collectively, "Defendants") by submitting a Statement of Claim to the Financial Industry Regulatory Authority ("FINRA"). (ECF No. 1-2.) The FINRA Panel rendered an arbitration award (the "Award") totaling $45,000 in favor of the Defendants and against the Plaintiffs. (ECF No. 1 at ¶ 51.) On January 6, 2017, the FINRA Director served the Award upon the Plaintiffs. (ECF No. 1 at ¶ 63.) On February 19, 2018, the Plaintiffs filed a Motion to Vacate Arbitration Award, Remand to Enforce Settlement Agreement and for Declaratory Judgment in this Court. (ECF No. 1.) Currently pending is the Defendants' Amended Motion to Dismiss the Plaintiffs' Motion to Vacate and Remand. (ECF No. 14.)[1] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the

---

[1] The Amended Motion (ECF No. 14) is identical to the Original Motion (ECF No. 13), except for the addition of three named Defendants. The Defendants' Original Motion to Dismiss (ECF No. 13) is MOOT.

1

following reasons, the Defendants' Amended Motions to Dismiss (ECF No. 14) is GRANTED and Plaintiffs' Motion to Vacate Arbitration Award, Remand to Enforce Settlement Agreement and for Declaratory Judgment (ECF No. 1) is DENIED.

**BACKGROUND**

In May of 2015, the Plaintiffs filed a Statement of Claim to the Financial Industry Regulatory Authority ("FINRA"), bringing multiple claims against the Defendants regarding improper trading of their accounts with Cape Securities, Inc. (ECF No. 1-2.) The Defendants filed an Answer and Counter-Claim against the Plaintiffs. (ECF No. 1-3.) Subsequently, both Parties signed a Submission Agreement agreeing to proceed with arbitration under FINRA's Arbitration Code. (ECF No. 1 at ¶ 17.) The proceedings were scheduled for August 8, 2016 and November 14-16, 2016 in Baltimore, Maryland. (ECF No. 1 at ¶ 11, ¶ 37.)

The Plaintiffs allege, however, that a settlement between the parties was reached prior to the arbitration proceedings. (ECF No. 1 at ¶ 41.) They therefore did not attend the August 8, 2016 hearing because they thought the matter had settled. *Id.* Pursuant to Defendants' request for sanctions, the arbitrators ordered Plaintiffs to pay $7,500 in damages as a result for failure to appear. (*Id.* at ¶ 42-43.) Plaintiffs filed a motion to reconsider on the basis that a settlement agreement had been made, which was denied by the arbitrators. (*Id.* at ¶ 44.) On October 25, 2016, while the FINRA proceedings progressed, Plaintiffs filed a Motion for Declaratory Judgment and a Stay of Arbitration in the Supreme Court of the State of New York for Suffolk County, alleging that the FINRA arbitration proceedings should be stayed because the matter had been settled. (*Id.* at ¶ 46.) On November 14, 2016,

the Supreme Court of the State of New York for Suffolk County denied the Plaintiffs' motion. (ECF No. 14-3.)

Accordingly, the arbitration proceeded under FINRA's Arbitration Code and the Panel rendered an Arbitration Award (the "Award") totaling $45,000 in favor of the Defendants and against the Plaintiffs. (ECF No. 1 at ¶ 51.) On January 6, 2017, the FINRA Director served the Award upon the Plaintiffs. (*Id.* at ¶ 63.) On August 1, 2017, the Defendants filed a motion to confirm the FINRA Award in the Superior Court for Henry County Georgia. (ECF No. 14-5) The Georgia state court confirmed the FINRA Award and entered an order granting judgment against the Hessongs in the amount of $45,000. *Id.* On January 24, 2018, the Plaintiffs filed a motion to set aside the default judgment in the Georgia state court. *Id.* The Defendants then enrolled the judgment in the Circuit Court of Washington County Maryland. (ECF No. 1 at ¶ 63.)[2]

On February 19, 2018, the Plaintiffs filed a Motion to Vacate Arbitration Award, Remand to Enforce Settlement Agreement and for Declaratory Judgment in this Court. (ECF No. 1.) The Plaintiffs assert that the Award and subsequent judgments are void for lack of subject matter jurisdiction, personal jurisdiction, and fraud. They further allege that the enforcement of the Georgia state court judgment violates the Due Process Clause of the 14th Amendment as well as the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* (ECF No. 1.) Subsequently, the Defendants filed the pending Amended Motion to Dismiss Plaintiffs' Motion to Vacate and Remand. (ECF No. 14.)

---

[2] The Defendants filed a "Line Filing Foreign Judgment" pursuant to Maryland law in the Circuit Court of Washington County Maryland, requesting the Maryland court record and index the Georgia Judgment. (ECF No. 14-3.)

## STANDARD OF REVIEW

The United States Court of Appeals for the Fourth Circuit has described review of an arbitral award as "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998). Showing grounds for vacatur requires a petitioner to "clear a high hurdle." *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 671 (2010).

> Under the FAA, a district court may vacate an arbitration award under four grounds:
>
> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. Where a petitioner seeks to vacate an award on the ground that the arbitrators "exceeded their powers," the petitioner must do more than show the arbitrators seriously erred. *Stolt-Nielsen*, 559 U.S. at 671-72. Instead, "it is only when [an] arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable." *Id.* (citations and internal quotation marks omitted).

The Fourth Circuit also recognizes "manifest disregard of the law" as a basis for vacating an arbitration award under the FAA where the plaintiff shows "(1) the disputed

4

legal principle is clearly defined and is not subject to reasonable debate; and (2) the arbitrator refused to apply that legal principle." *Jones v. Dancel*, 792 F.3d 395, 402 (4th Cir. 2015).

## ANALYSIS

The Plaintiffs claim that the Award can be vacated under 9 U.S.C. § 10 or set aside under Rule 60(b) of the Federal Rules of Civil Procedure because it was procured by fraud and in violation of the Due Process Clause of the 14th Amendment and that they are entitled to a Declaratory Judgment under 28 U.S.C. § 2201. (ECF No. 1.) In response, the Defendants argue that the Plaintiffs' Motion to Vacate Arbitration Award is untimely and that equitable tolling of the statutory limitation does not apply to their claims. (ECF No. 14.)

First, the Award cannot be vacated under Rule 60(b) of the Federal Rules of Civil Procedure. The United States Court of Appeals for the Fourth Circuit has held that "[b]ecause the FAA contains exclusive procedures for vacating arbitration awards, Rule 60(b)(1) is inapplicable." *E.spire Commc'ns, Inc. v. CNS Commc'ns*, 39 F. App'x 905, 912 (4th Cir. 2002). Thus, Plaintiffs' Motion to Vacate Arbitration Award can only be considered pursuant to the Federal Arbitration Act and not Rule 60(b).

### I. Plaintiffs' Motion Is Untimely

Under 9 U.S.C. § 12 of the Federal Arbitration Act, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." The FINRA Award was served upon the Plaintiffs on January 6, 2017. Therefore, Plaintiffs had until April 6, 2017, to file a motion to vacate. Plaintiffs did not file their motion to vacate until February 19, 2018, over thirteen

5

(13) months after the Award was served upon them. Thus, their Motion to Vacate is untimely.³

The Fourth Circuit has stressed that "equitable tolling is appropriate 'in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result.' " *Cunningham v. Comm'r of Internal Revenue*, 716 F. App'x 182 (4th Cir. 2018) (quoting *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc)) (internal quotation marks omitted). Federal courts employ equitable tolling "sparingly," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), as it is "a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396 (2007).

The Fourth Circuit has strongly intimated—but has stopped short of explicitly holding—that there are no equitable exceptions to the three-month limitations period set forth in the Federal Arbitration Act, 9 U.S.C. § 12. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). The *Taylor* court stated that a party cannot attempt to vacate an arbitration award after the three-month window has expired, because "[t]he existence of any [equitable] exceptions to § 12 is questionable, for they are not implicit in the language of the statute, and cannot be described as common-law exceptions because there was no common-law analogue to enforcement of an arbitration award." *Id.* Thus, it is unlikely equitable exceptions are available to toll the three-month limitations period.

---

³ Even if Plaintiffs could bring their motion to vacate under Rule 60(b) it would still be untimely. Rule 60(c)(1) says that a Motion for fraud must be brought "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Even if equitable tolling of the three-month limitations period were permitted, the Plaintiffs do not meet the requirements necessary for this remedy. The Supreme Court of the United States has held that equitable tolling requires the plaintiff to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

In *Menominee*, the Supreme Court held that "the diligence prong … covers those affairs within the litigant's control." 136 S. Ct. at 756. This element requires "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. The second element "is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee*, 136 S. Ct. at 756 (emphasis in original). In other words, the circumstances must combine to render "critical information ... undiscoverable." *Gould v. U.S. H.H.S*, 905 F.2d 738, 745–46 (4th Cir. 1990) (en banc). The Supreme Court emphasized these two requirements as "elements, not merely factors of indeterminate or commensurable weight." 136 S. Ct. at 756 (internal quotation marks omitted) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

First, the Plaintiffs do not present any evidence that they acted with reasonable diligence. "If the award was without-a-doubt ultra vires, [Plaintiffs] should have been jumping at the chance to return to federal court and have the award vacated." *Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C.*, 491 F.3d 171, 178 (4th Cir. 2007). The *Choice Hotels* court "assumed, for the sake of argument, that due diligence or tolling were exceptions to the

7

three-month bar" and held that the petitioners were not entitled to these exceptions because they did not attempt to vacate the award until after the respondent sought to confirm the award. *Id.* Similarly here, the Plaintiffs did not attempt to vacate the Award until after the limitations deadline and after the Defendants confirmed the Award in the Georgia state court on August 1, 2017. (ECF No. 14-5.) Thus, they do not meet the diligence element required for equitable tolling.

Second, no extraordinary circumstance prevented Plaintiffs from meeting the limitations deadline. The Plaintiffs allege that because they were represented in arbitration by Jennifer Tarr and Louis Ottimo ("Tarr and Ottimo"), both non-attorney representatives, the statute of limitations should be equitably tolled. (ECF No. 1.) Plaintiffs rely on *Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152 (9th Cir. 2016), in which the United States Court of Appeals for the Ninth Circuit allowed the tolling of the three-month limitations period because one of the arbitrators was not licensed but had held himself out to be a licensed attorney. *Id.* However, Tarr and Ottimo did not hold themselves out as licensed attorneys and the Plaintiffs knew that they were not licensed prior to the arbitration hearings held in November of 2016. (ECF No. 1-18.) This is evidenced by the fact that the Plaintiffs retained David Schnur to file a Motion to Stay in the New York state court because they knew Tarr and Ottimo were not licensed to do so themselves. (ECF No. 1 at ¶ 70.) Therefore, nothing was extraordinary or beyond their control and the Plaintiffs cannot toll the limitations period.

The Plaintiffs also allege that they are entitled to tolling because the FINRA panel's notice did not meet the requirements set forth by the Due Process Clause of the Fourteenth

8

Amendment. (ECF No. 1 at ¶ 74-89.) However, the FINRA panel did provide adequate notice. The Notice of Service of the Award letter provided in part:

> Any party wishing to challenge the award must make a motion to vacate the award in a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. §10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. If you are not represented by counsel and wish to challenge the award, we urge you to seek legal advice regarding any rights or remedies available to you.

(ECF No. 1-19.) FINRA put Plaintiffs on notice that they needed to move to vacate the Award "within the time period specified by the applicable statute" and the Federal Arbitration Act states the limitations period ends "three months after the award is filed or delivered." 9 U.S.C. § 12. Furthermore, the FINRA panel urged the Plaintiffs to seek legal advice regarding their rights and remedies available to them. Accordingly, the limitations period was discoverable and was within the Plaintiffs' control. The Notice of Service provided by FINRA gave the Plaintiffs adequate notice and their Fourteenth Amendment rights were not violated. Thus, they are not entitled to equitable tolling of the statute of limitations.

## II. The Motion Is Not a Motion For Summary Judgment

Lastly, the Plaintiffs allege that the motion to dismiss relies on matters outside the pleadings (ECF No. 15-1) and should therefore be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil procedure. However, Plaintiffs were provided the "Notice of Service of the Award Letter" on January 6, 2017 (ECF No. 1 at ¶ 63) and did not file the Motion to Vacate Arbitration Award, Remand to Enforce Settlement Agreement and for Declaratory Judgment in this Court until February 19, 2018. (ECF No.

9

1.) No matters outside the pleadings were required to determine that the Plaintiffs' Motion to Vacate is untimely, and thus is not a motion for summary judgment under Rule 56.

In summary, Plaintiffs' claims are untimely and they have failed to fulfill either the due diligence, or the extraordinary circumstances elements required to equitably toll their claims. *Menominee*, 136 S. Ct. at 756. Accordingly, Plaintiffs' Motion to Vacate Arbitration Award, Remand to Enforce Settlement Agreement and for Declaratory Judgment (ECF No. 1) is DENIED.

### III. The Plaintiffs' Claims Are Meritless

Alternatively, even if the Plaintiffs' Motion to Vacate was timely, it lacks merit on its face and fails to state a claim upon which relief can be granted. The Plaintiffs argue that the Award can be vacated under 9 U.S.C. § 10. The Plaintiffs further allege that they are subject to declaratory judgment under 28 U.S.C. § 2201. (ECF No. 15-1.)

The Plaintiffs allege that the Defendants procured the Award by fraud because a settlement had occurred between the parties before the arbitration process began. To prove that an award was procured by fraud "the party seeking vacatur must show that the fraud was not discoverable upon the exercise of due diligence prior to the arbitration." *MCI Constructors, LLC v. City Of Greensboro*, 610 F.3d 849, 858 (4th Cir. 2010) (citing *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992)). The Plaintiffs knew however that the Defendants disputed the existence of a settlement before the November, 2016 arbitration hearings. (ECF No. 1 at ¶ 41-44.) The Plaintiffs brought this issue up before the FINRA arbitration panel and it was denied after due deliberation. (ECF No. 1 at ¶ 41-47;

ECF No. 14-2.) Additionally, the settlement agreement was not signed by the Defendants. (ECF No. 1-14.) Thus, the Plaintiffs may not seek vacatur due to the alleged fraud.

Plaintiffs argue that the Defendants filed their motion to confirm in the wrong forum. However, Plaintiffs agreed to the terms of the "Cape Securities, Inc. Customer Agreement." (ECF No. 14-4.) Paragraph 10 of the agreement provides "[a]ny judicial proceeding relating to an arbitration (See paragraph 13) or to this Agreement shall be conducted in a state or federal court in Henry County, Georgia." *Id.* Paragraph 13 of the agreement provides that "the Award rendered by the arbitrators shall be final and judgment may be entered upon it in any court having jurisdiction thereof." *Id.* The FAA 9 U.S.C. § 9 provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. The parties specified "a state or federal court in Henry County, Georgia" in their agreement and the Defendants properly confirmed the judgment in the Superior Court of Henry County Georgia. (ECF No. 14-5.) Thus, the Defendants did not confirm the Award in the wrong forum.

Finally, under the Declaratory Judgment Act, 28 U.S.C. § 2201, a plaintiff must plead "an actual controversy between the parties of sufficient immediacy and reality to warrant

11

issuance of a declaratory judgment." *Clay v. Chase Bank USA, N.A.*, Civ. A. No. 08:10-2169-AW, 2011 WL 1066570, *5 (D. Md. Mar. 21, 2011).

Plaintiffs cannot satisfy this requirement, as no actual controversy exists between the parties. For the reasons set forth *supra*, there is not a dispute on the interpretation of paragraph 13 of the Cape Securities Customer Agreement, the Plaintiffs knew Tarr and Ottimo were not licensed attorneys during the arbitration process, and the Georgia state court was an appropriate forum for the Defendants to confirm the arbitration Award. It is unclear how a Declaratory Judgment could "serve a useful purpose," as Plaintiffs' claims are without merit and rest on conclusory statements. Therefore, a Declaratory Judgment is unwarranted. Accordingly, even if the Plaintiffs had timely filed this action, it is without merit. Therefore, the Plaintiff's' Motion to Vacate Arbitration Award Remand to Enforce Settlement Agreement and for Declaratory Judgment is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 13) is MOOT, Defendants' Amended Motion to Dismiss (ECF No. 14) is GRANTED and Plaintiffs Paul and Beatrice Hessong's Motion to Vacate Arbitration Award, Remand to Enforce Settlement Agreement and for Declaratory Judgment (ECF No. 1) is DENIED.

A separate Order follows.

Dated: July 16, 2018

___/s/_____
Richard D. Bennett
United States District Judge